IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNETTE J. DEMOR, *as guardian* ) | |
| *of the person and Estates of* ) | |
| *VINCENT J. DEMOR*, ) | Civil Action No. 2:12-1636 |
| Plaintiff, ) | Magistrate Judge Cynthia Reed Eddy |
| ) | |
| v. ) | |
| ) | |
| DANIEL BURNS, DOMENIC ) | |
| MAZZOCCA, CHRISTOPHER ) | |
| HANDERHAN, MICHAEL MCKEOWN, ) | |
| JONATHAN BILLINGS, *individually and* ) | |
| *in their official capacities*, ) | |
| ALLEGHENY COUNTY, ) | |
| DANA PHILLIPS, i*ndividually* ) | |
| *and in her official capacity as Chief* ) | |
| *Operating Officer of Allegheny* ) | |
| *Correctional Health Services, Inc., and* ) | |
| ALLEGHENY CORRECTIONAL ) | |
| HEALTH SERVICES, INC., ) | |
| Defendants ) | |

**MEMORANDUM AND ORDER RE: MOTION TO
COMPEL  SCHEDULING OF THE DEPOSITION OF
NORBERTO A. RODRIQUEZ, M.D.
AND MOTION FOR SANCTIONS**

Before the Court is Plaintiff's Motion to Compel Scheduling of the Deposition of Norberto A. Rodriquez, M.D. and Motion for Sanctions (ECF No. 73). In it, counsel for Plaintiff recites his unsuccessful efforts to schedule the deposition of an important witness, Dr. Norberto A. Rodriquez, M.D. because of the inability or refusal of Stanley Winikoff, Esquire, counsel for the Allegheny Correctional Health Services, Inc. and its Chief Operating Officer, Dana Phillips, ("Medical Defendants"), to comply with his discovery obligations under the local and federal rules of civil procedure and with direct orders of this Court directing him to do so. Because Mr. Winikoff did not comply with Court orders or to Plaintiff's counsel's attempts to schedule Dr.

1

Rodriquez' deposition in timely fashion, Dr. Rodriquez has become unavailable for a deposition in Pittsburgh because he now lives in Phoenix, Arizona. This is not the first time the Court has been called upon to deal with Mr. Winikoff's inability or refusal to comply with his discovery obligations under the local and federal rules of civil procedure and with direct orders of court directing him to do so.

On July 31, 2014, Plaintiff filed a Motion To Amend Case Management Order And/Or Schedule Status Conference (ECF No. 69), which asserted, *inter alia*, that on June 12, 2014, Plaintiff's counsel noticed the deposition of Dr. Rodriquez on June 25, 2014, that shortly thereafter, Mr. Winikoff contacted undersigned counsel and informed him that Dr. Rodriquez was in the process of moving to Arizona, and his deposition could not be taken on June 25, 2014, but would be rescheduled; as of July 31, 2014, the deposition had not been scheduled. Motion to Amend (ECF No. 69), at ¶¶ 13-15. That deposition still has not been scheduled, despite this Court's Text Order of August 1, 2014, which required all Defendants to respond to the motion by August 6, 2014 and, in addition, stated: "counsel for Defendant Allegheny Correctional Health Services, Stanley A. Winikoff, shall include in his response a date certain for the deposition of Dr. Rodriquez. Said date shall be on or before August 29, 2014. Mr. Winikoff shall confer with Plaintiff's counsel to assure his availability for the selected date prior to responding to this order."

Mr. Winikoff filed his response a few hours later that day, which stated, in its entirety:

> AND NOW, INTO COURT, come the Medical Defendants, by counsel, and in compliance with the Text Order issued by this court on August 1, 2014 and respond to Plaintiff's motion (ECF 69) as follows:
>
> 1. The medical defendants do not agree with the factual allegations made in ECF 69 but express no opposition to the extension of time requested in the motion.

Response to Motion to Amend Case Management Order (ECF No. 71).

Obviously, Mr. Winikoff did not "include in his response a date certain for the deposition of Dr. Rodriquez," as explicitly directed by this Court, and there is no indication that he conferred with counsel prior to filing his response, as explicitly directed by this Court. Because Mr. Winikoff disregarded this Court's plain and unambiguous order, this Court entered another:

> ORDER STRIKING 71 Response to Motion, filed by ALLEGHENY CORRECTIONAL HEALTH SERVICES, INC., DANA PHILLIPS. Mr. Winikoff's response fails to comply with the Court's text-only Order Response/Briefing Schedule from 8/1/2014 as he did not include a date certain for Dr. Rodriguez's deposition. Accordingly, said 71 Response is STRICKEN. <u>Mr. Winikoff is ORDERED to file an appropriate Response in compliance with the Court's 8/1/2014 Order Response/Briefing Schedule on or before 8/6/2014</u>.

Text Order, August 1, 2014.

Mr. Winikoff did not comply with this Order either. On August 7, 2014, a law clerk of the Court attempted to contact Mr. Winikoff regarding his continued non-compliance with the Court's Order that he provide a date certain for Dr. Rodriquez's deposition by August 6, 2014. Despite Mr. Winikoff's representation to this Court that he had a matter pending before Judge Cercone on August 7, 2014, Mr. Winikoff was not to be found in Judge Cercone's courtroom or chambers. Mr. Winikoff was reached by telephone where he represented to the law clerk that the conference with Judge Cercone had been cancelled and that he had neglected to inform Judge Eddy. The Court was informed that no such conference was scheduled before Judge Cercone, nor had any such conference ever been scheduled before Judge Cercone on August 7, 2014 or any date close to August 7, 2014. Thus, the Court entered an Order on August 8, 2014 granting Plaintiff's motion to amend, and in addition, ordered Mr. Winikoff to make Dr. Rodriquez available for deposition by August 29, 2014, at the convenience of plaintiff's counsel, with a

warning that the failure to do so would result in the imposition of appropriate sanctions. Order of August 8, 2014 (ECF No. 72).[1]

On August 13, 2014, Plaintiff filed the pending motion to compel the scheduling of Dr. Rodriquez' deposition. After detailing and documenting his efforts to schedule the deposition with Mr. Winikoff, counsel for Plaintiff states:

> 18. Because of the importance of Dr. Rodriquez's deposition testimony, and the fact that Plaintiffs' expert reports are due by September 15, 2014, undersigned counsel wishes to take the deposition of Dr. Rodriquez "in person"; a possibility which, undersigned counsel believes, and therefore avers, would not have required undersigned counsel to travel to Phoenix, Arizona if Mr. Winikoff had timely attempted to schedule Dr. Rodriquez before Dr. Rodriquez moved to Arizona.
>
> 19. Undersigned counsel believes, and therefore avers, that his travel expenses to and from Arizona for Dr. Rodriquez's deposition should be paid by Allegheny Correctional Health Systems, Inc.

---

[1] In another case where Mr. Winikoff seems unable or unwilling to comply with the Court's orders, *Black v. Allegheny County*, Civil Action No. 13-0179, this Court issued an order detailing the pending motions for discovery and sanctions and the relevant facts and circumstances surrounding those motions. Included in the Order was the following footnote:

> The Court notes that it also scheduled a hearing regarding the pending motions for sanctions on August 8, 2014. (ECF No. 214). However, Mr. Winikoff filed a Motion with the Court to postpone the sanctions hearing because he had a pre-paid vacation scheduled during that time. (ECF No. 216). Mr. Winikoff represented to the Court that "Counsel plans to leave Pittsburgh at the completion of a status conference scheduled before the Hon. David Cercone at 11:00 AM on Thursday, August 7, 2014 to drive to Richmond and then to North Carolina." Id. at ¶ 4. The Court granted Mr. Winikoff's Motion, stating that the hearing would be rescheduled by separate Order, but left in place the Medical Defendants' obligations to respond to the motions by August 6, 2014. See Text-Only Order dated 7/30/2014. On August 7, 2014, the Court contacted Judge Cercone's Chambers to have Mr. Winikoff be sent to the undersigned's Chambers following their conference to discuss a matter in another case. However, the Court was informed by Judge Cercone's Chambers that no such conference with Mr. Winikoff was ever scheduled.

Order of August 8, 2014 at Civil Action No. 13-0179 (ECF No. 227) at 2, n.1.

20. Moreover, by Order of this Honorable Court dated August 8, 2014, Mr. Winikoff was to make Dr. Rodriquez available for a deposition at the convenience of undersigned counsel.

21. As recited above, Mr. Winikoff has made no effort to contact undersigned counsel since the entry of this Court's Order on August 8, 2014.

22. Undersigned counsel therefore requests that this Court enter an Order compelling Mr. Winikoff to schedule the deposition of Dr. Rodriquez either in Pittsburgh or in Phoenix, Arizona on one of the following dates: August 26, 2014, September 2, 2014, September 3, 2014 or September 4, 2014, and reimburse undersigned counsel for his travel expenses to and from Phoenix, Arizona if the deposition is scheduled in Phoenix.

Motion to Compel (ECF No. 73), ¶¶ 18-22.

In light of his apparently willful failure to comply with the last two orders directing responses, this Court deems it a futile exercise to order Mr. Winikoff to respond to this motion. After careful consideration of the motion and the entire record in this case, some of which is set forth above, the Court will grant Plaintiff's motion to compel, and will therefore direct Mr. Winikoff to schedule the deposition of Dr. Rodriquez either in Pittsburgh or in Phoenix, Arizona on one of the following dates: August 26, 2014, September 2, 2014, September 3, 2014 or September 4, 2014, at Plaintiff's counsel's choosing, and to personally reimburse Plaintiff's counsel for all reasonable travel and lodging expenses to and from Phoenix, Arizona if the deposition is scheduled in Phoenix. <u>Failure to do so will result in appropriate sanctions, which may include (but are not limited to) monetary sanctions up to $5,000.00, disciplinary referrals, and missing witness, adverse inference instructions</u>.

Accordingly, for the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Counsel for ACHS Stanley Winikoff, Esquire shall inform counsel for the Plaintiff Vincent Demor of the date and time of the deposition of Norberto A. Rodriquez by Monday, August 18, 2014;

2. That deposition shall be scheduled on one of the following dates: August 28, 2014, September 2, 2014, September 3, 2014 or September 4, 2014;

3. If the deposition of Dr. Rodriquez is scheduled in Phoenix, Arizona, Mr. Winikoff shall reimburse Gary M. Lang, Esquire for all reasonable travel and lodging expenses; and

4. Mr. Winikoff shall confer with Mr. Lang or his office **forthwith** regarding a reasonable time and location for the deposition of Mr. Rodriquez.

5. On or before August 19, 2014, by close of business, Mr. Winikoff shall file a Certificate of Compliance with Court Order of August 15, 2014. The Certificate of Compliance shall specify the manner in which Mr. Winikoff satisfied each of the Court's directives.

By the Court:

s/Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all counsel of record